106 Cal.Rptr.2d 227 (2001)
88 Cal.App.4th 794
The PEOPLE, Plaintiff and Respondent,
v.
Arturo GARCIA, Defendant and Appellant.
In re Arturo Garcia, On Habeas Corpus.
Nos. B141994, B149050.
Court of Appeal, Second District, Division One.
April 26, 2001.
Review Granted August 8, 2001.
*228 Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Mary E. Sanchez, Supervising Deputy Attorney General, Darryl C. Hottinger and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
MIRIAM A. VOGEL, J.
In a drive-by shooting, Fernando "Chato" Galeana (a member of the Burbank Trece street gang) was shot and killed. Two weeks after the murder, Salvador "Vampy" Morales (a member of the Vineland Boys, an "offspring" of the Sun Valley Diablos street gang) bragged to Sergio Arriola (Vineland gang) that he was the shooter and that appellant Arturo "Little Stranger" Garcia (Vineland gang) was the driver. Arriola related this information to the police (but changed his story after he was beaten up). Garcia told essentially the same story to Martin "Little Cuzzy" Arias (Vineland gang), and Arias also talked to the police. At the time of his arrest, Garcia admitted his role in the *229 murder and he later gave a full confession to the police. Garcia and Morales were charged with Galeana's murder, with firearm and street gang allegations, including an enhancement allegation under Penal Code section 12022.53.[1] Following a non-jury trial, Garcia was convicted of second degree murder and the allegations were all found truebut Morales was acquitted. Garcia was sentenced to state prison for a term of 40 years to life.
In the published portion of this opinion, we hold that the section 12022.53 enhancement must be reversed because no one stands convicted of both the murder and the intentional and personal discharge of the firearm. In the unpublished portion of this opinion, we reject Garcia's challenge to his confession. We remand for resentencing.

DISCUSSION

I.[**]

II.
Garcia's sentence of 40 years to life is comprised of 15 years to life for the second degree murder and 25 years to life for the section 12022.53 enhancement. Garcia contends this enhancement was not proved. We agree.

A.
The information alleged that "Morales personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury and death to ... Fernando Galeana within the meaning of ... section 12022.53(d). . . . [¶].... [¶] It is further alleged that a principal personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury and death to ... Fernando Galeana within the meaning of ... section 12022.53(d) and (e)(1)." In the summary on the first page of the information, the list of special allegations applicable to Garcia includes section 12022.53, subdivision (d). It was also alleged that, "pursuant to ... section[s] 186.22(b)(1) and 186.22(b)(4) that the [murder] was committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members."[5]

B.
Under subdivision (b) of section 12022.53, "any person who is convicted of [murder] and who in the commission of that felony personally used a firearm" shall have his sentence enhanced by a consecutive term of 10 years. (§ 12022.53, subds.(a), (b), italics added.)
Under subdivision (c) of section 12022.53, "any person who is convicted of [murder] and who in the commission of that felony intentionally and personally discharged a firearm" shall have his sentence enhanced by a consecutive term of 20 years. (§ 12022.53, subds.(a), (c), italics added.)
Under subdivision (d) of section 12022.53, "any person who is convicted of [murder] and who in the commission of that felony intentionally and personally discharged a firearm and proximately caused great bodily injury ..., or death, *230 to any person other than an accomplice" shall have his sentence enhanced by a consecutive term of 25 years to life. (§ 12022.53, subds.(a), (d), italics added.)
Under subdivision (e) of section 12022.53, the "enhancements specified in this section shall apply to any person charged as a principal in the commission of an offense that includes an allegation pursuant to this section when a violation of both this section and subdivision (b) of Section 186.22 [felonies committed for the benefit of a criminal street gang] are pled and proved," but an "enhancement for participation in a criminal street gang pursuant to [section 186.20 et seq.] shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense." (§ 12022.53, subd. (e), italics added.)

C.
Garcia contends the People failed to prove the elements of the section 12022.53 enhancement. This is so, he says, because "[s]ubdivision (d) of section 12022.53 requires that the person who intentionally and personally discharged a firearm proximately causing the victim's death be convicted of the underlying felony. Here, codefendant Morales, whom both the court and the People acknowledged as the actual shooter, was acquitted. Subdivision (e) requires that violations of both sections 12022.53 and 186.22 be pled and proved. This means that, absent proof that [Garcia] personally discharged the firearm, there must be not only proof that he committed the offense for the benefit of a criminal street gang ..., but also proof of a conviction of the underlying felony by the one who personally used or discharged a firearm. (§ 12022.53, subds.(b), (c), and (d).) Since there was no such conviction, the elements of subdivision[s] (d) and (e) were not satisfied." We agree.

1.
Garcia was charged with a violation of subdivisions (d) and (e) of section 12022.53, meaning that Garcia was charged as a principal but not as the shooter. As the Attorney General necessarily concedes, the People failed to prove a violation of subdivision (d) of section 12022.53 because that requires proof that Garcia was a principal involved in Galeana's murder and, at a minimum, proof that someone (either Garcia or Morales) was convicted of that murder by "intentionally and personally discharging] a firearm." (§ 12022.53, subds.(a), (d), (e)(1).) In short, since Morales was acquitted of the charges against him, and since all the evidence against Garcia shows that he was not the one who personally used a firearm, the section 12022.53 enhancement was not proved.

2.
To avoid this conclusion, the Attorney General contends that, because the trial court found true the allegation pursuant to section 186.22 as well as the section 12022.53, subdivision (d), allegation, subdivision (e)(1) permits the 25-year-to-life enhancement imposed "even though [Garcia] was not the one who personally discharged the firearm.... [¶] ... Even though codefendant Morales was not convicted of personally discharging the firearm, it was extremely clear that someone personally and intentionally discharged the firearm which killed Mr. Galeana, and that should be sufficient so long as the other requirements of section 12022.53, subdivision (e)(1), are satisfied." It is not our role to decide what should be sufficient. Rather, we look to see what the Legislature has said is sufficient and determine *231 whether those criteria have been met. In this case, it has not.

3.
We do not agree with the Attorney General's suggestion that Garcia's construction of the statute is "overly strict."
Subdivision (a) of section 12022.53 lists the underlying felonies to which the enhancement applies. Subdivisions (b), (c), and (d) set out the specific prison terms that are to be added to the sentence on the underlying offense for personal use (subd. (b)), intentional and personal discharge (subd. (c)), and intentional and personal discharge resulting in great bodily injury or death (subd. (d)). Subdivision (e) makes it clear that the sentence of a person other than the one who personally used or discharged the firearm can be enhanced by section 12022.53but subdivision (e) does not distinguish between use, discharge, or death, and it does not specify any penalty, thereby making it plain that a finding as to an aider and abettor must satisfy the requirements of subdivision (b) or subdivision (c) or subdivision (d).
The subdivisions following subdivision (e)all of which, like subdivision (e), further define the three dispositive parts of the statuteare consistent with our interpretation. Subdivision (f) of section 12022.53 provides that, under this statute, only one additional term of imprisonment can be imposed "per person for each crime"; if more than one enhancement per person is found true, the longest term must be imposed; and if specified other enhancements are also found true, they cannot be imposed when an enhancement is imposed under section 12022.53. Subdivision (g) of section 12022.53 prohibits probation when a person is "found to come within the provisions of this section." Subdivision (h) provides that the court cannot strike an allegation under this section. Subdivision (i) limits custody credits.
Subdivision (j) of section 12022.53 provides: "For the penalties in this section to apply, the existence of any fact required under subdivision (b), (c), or (d) shall be alleged in the information or indictment and either admitted by the defendant in open court or found to be true by the trier of fact. When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment pursuant to this section rather than imposing punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty or a longer term of imprisonment." (Italics added.) Quite plainly, this subdivision shows the Legislature's understanding that, for a principal to be vicariously liable under subdivision (e), proof of the elements of subdivision (b), (c), or (d) is required.[6]
The Attorney General points out that an aider and abettor does not escape criminal liability merely because the person he aided and abetted has been acquitted. (E.g., People v. Bohmer (1975) 46 Cal.App.3d 185, 201, 120 Cal.Rptr. 136.) In this context, that general rule is irrelevant. The Legislature has plainly provided otherwise with regard to the section 12022.53 enhancement, and that is certainly something the Legislature has the power to do. (State of California v. McCauley (1860) 15 Cal. 429, 455 ["The power over the whole subject of punishment for crime is vested in the Legislature"]; People v. Tanner (1935) 3 Cal.2d 279, 298, 44 P.2d 324.) If it perchance did so inadvertently, it can just as certainly modify the statute. *232 Unless and until that happens, we apply the statute as written.[7]

DISPOSITION
The true finding on the Penal Code section 12022.53 enhancement is reversed, and Garcia's sentence is vacated; in all other respects, the judgment is affirmed and the cause is remanded to the trial court for resentencing. The petition is denied.
SPENCER, P.J., and ORTEGA, J, concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.
[1] All section references are to the Penal Code.
[**] See footnote *, ante.
[5] Although Garcia contends his sentence is unlawful because he was "never charged with a 25-year-to-life enhancement under subdivision (d) but only with an enhancement of three, four or ten years," he offers no authority to suggest this clerical error is material, and he does not contend that he was misled. For these reasons, we summarily reject this claim of error.
[6] Subdivision (k) of section 12022.53 deals with disposal of the firearm. Subdivision (l) exempts certain officials and others from the operation of this statute.
[7] Anticipating at least the possibility of this result, the Attorney General points out that a reversal of the true finding on the section 12022.53 enhancement would require a remand for resentencing. We agree. Other sentence enhancements were found true by the trial court but they became irrelevant in light of the sentence that was imposed. (§ 12022.53, subd. (f).) Those other enhancements may now be considered.